Kenneth EDWARDS, Jr. and the Estate of Kenneth Edwards, Sr. *v.*
Richard NELSON, M.D., Radiologists, P.A., Thomas Kelly, M.D.,
St. Edward Mercy Medical Center, and Cooper Clinic, P.A.

07-48                                                    275 S.W.3d 158

Supreme Court of Arkansas
Opinion delivered February 7, 2008

[Rehearing denied March 13, 2008.]

*Elliott & Smith, P.A.*, by: *J. Timothy Smith*, for appellant.

*Cox, Cox & Estes, PLLC*, by: *Walter B. Cox* and *James R. Estes*,
for appellees Richard Nelson, M.D. and Radiologists, P.A.

*Warner, Smith & Harris, PLC*, by: *Wayne Harris* and *Stephanie
Harper Easterling*, for appellees Thomas Kelly, M.D. and Cooper
Clinic, P.A.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *J. Michael Cogbill*
and *Rebecca D. Hattabaugh*, for appellee St. Edward Mercy Medical
Center.

JIM GUNTER, Justice. This appeal arises from an order of the
Sebastian County Circuit Court granting summary judgment
in favor of Appellees Richard Nelson, M.D.; Radiologists, P.A.;

Thomas Kelly, M.D.; Cooper Clinic, P.A. ("Cooper"); and St. Edward Mercy Medical Center ("Mercy"). We reverse and remand.

Kenneth Edwards, Sr. died after a lengthy hospitalization at Mercy on April 4, 2003. On November 10, 2003, Kenneth Edwards, Jr. ("Edwards") was appointed as the administrator of his father's estate in Sebastian County Circuit Court, Probate Division, case number PR-2003-101-G.[1] In his capacity as administrator of the estate, Edwards filed a wrongful-death action against the appellees in Sebastian County Circuit Court, Civil Division, case number CV-2004-271-G(V), claiming that their negligence caused his father's death. An amended complaint was filed on November 24, 2004.

Appellees moved separately for summary judgment on July 27, 2006, July 28, 2006, and August 1, 2006, on the grounds that Edwards was not qualified to serve as administrator because he was a convicted felon. Edwards responded, arguing that he was not a convicted felon as of the date that he was appointed administrator because his guilty plea was taken under Act 346, which was codified at Ark. Code Ann. § 16-93-303 (Repl. 2006), and that pursuant to the Act, there was never an adjudication or judgment of guilt entered. Appellees filed separate responses, denying that Edwards was sentenced pursuant to Act 346 because "[t]he box to the right of Act 346 was not checked in the judgment and commitment order entered . . . on August 20, 1996."

On September 21, 2006, the circuit court held a hearing on the summary-judgment motion, and on October 4, 2006, the circuit court entered an order of dismissal in favor of the appellees. In the order, the court found that Edwards was a convicted felon at the time of his appointment as the personal representative of his father's estate, and that in accordance with the provisions of Ark. Code Ann. § 28-48-101(b)(3) (Repl. 2004), he was not qualified to serve in that capacity. The court based its finding on the Washington County Circuit Court's August 20, 1996 judgment and commitment order, which reflected that Edwards was convicted of two felony offenses pursuant to the provisions of Ark. Code Ann. § 5-4-301(d)(1) (Repl. 2006). In dismissing the wrongful-death action pursuant to Ark. Code Ann. § 16-62-102 (Repl. 2005), the circuit court declared the order appointing Edwards as administrator to be void and ruled that the wrongful-

---

[1] We note that the probate order is not in the record on appeal.

death claims were barred by the applicable statute of limitations. *See* Ark. Code Ann. § 16-114-203 (Repl. 2006).

On October 5, 2006, Edwards filed a motion for reconsideration, which the circuit court denied. Edwards then filed a timely notice of appeal, challenging the October 6, 2006, and October 17, 2006 orders. On December 19, 2007, we accepted certification from the Arkansas Court of Appeals. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(1) (2007), as this case presents an issue of first impression.

Before addressing the merits of this appeal, we note that the court of appeals certified the following question for consideration: whether the circuit court's order invalidating Edwards's appointment as a personal representative was an impermissible collateral attack on the probate order appointing him. Neither the appellants nor the appellees, however, have raised the collateral-attack issue in their briefs. Yet, for the reasons outlined below, we *sua sponte* must raise a threshold jurisdictional matter: the issue of conflicts among circuit courts exercising concurrent jurisdiction.

Under Amendment 80 to the Arkansas Constitution, this court holds general superintending control over all courts of this state. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007). Thus, this court's general superintending control of circuit courts granted under Amendment 80 may be exercised under its original jurisdiction to direct one of two circuit courts possessing subject-matter jurisdiction to exercise jurisdiction in the disposition of one claim. We cite with approval the language in *Smith v. McCracken*, 96 Ark. App. 270, 240 S.W.3d 621 (2006), where the court of appeals explained:

> Amendment 80 merged in Arkansas what were once chancery and circuit courts into circuit courts, so that any circuit court would thereafter have jurisdiction "over all matters previously cognizable by Circuit, Chancery, Probate, and Juvenile Courts." *See* Amend. 80 § 19(B)(1). Amendment 80 § 6(A) provides that circuit courts are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution. Section 6(B) of this same amendment allows the division of the circuit court into subject-matter divisions and provides that *any* judge within the circuit may sit in any division.

In other words, a circuit court may now exercise any act of jurisdiction that either a court of law or equity could have exercised prior to

Amendment 80, and further, the designation of an action as a specific type of action does not prevent a circuit court from hearing any matter within the court's jurisdiction that is properly raised to the court. *See First Nat'l Bank of Dewitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005); Amend. 80, § 19(B)(1).

While Amendment 80 clearly converted chancery, probate, and juvenile courts into circuit courts with concurrent jurisdiction, it did not speak to the issue of conflicts among courts exercising concurrent jurisdiction. To resolve that issue, we look to our case law. In *Askew v. Murdock Acceptance Corp.*, 225 Ark. 68, 279 S.W.2d 557 (1955), we stated:

> It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of coordinate authority is at liberty to interfere with its action.

*Id.* at 71-72, 279 S.W.2d at 560 (citation omitted). Without such a principle, courts with concurrent jurisdiction could bog in the mire of endlessly overruling each other. We alluded to such a practice in *Askew*:

> The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely.

*Id.* at 72, 279 S.W.2d at 560 (citation omitted). Likewise, our court reiterated the governing jurisdictional principle:

> Where two actions between the same parties on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is

a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.

*Id.* at 72-73, 279 S.W.2d at 560-61 (citation omitted); *see also Patterson v. Isom,* 338 Ark. 234, 239-40, 992 S.W.2d 792, 795 (1999).

The present case is similar to *Helena Regional Medical Center v. Wilson,* 362 Ark. 117, 207 S.W.3d 541 (2005). In *Wilson,* Trina Wilson was appointed by the probate court as the administratrix of her daughter's estate. Later, in her capacity as administratrix, she filed a malpractice action against the hospital and doctors, who then proceeded to file motions to intervene in the probate case. In support thereof, the medical providers argued that Wilson was not legally competent to serve as administratrix under the Arkansas Probate Code, Ark. Code Ann. § 28-48-101 (Repl. 2004), because she had previously admitted to a felony conviction. The circuit court ruled that the medical providers were not interested parties as defined by the Arkansas Probate Code, Ark. Code Ann. § 28-1-102(11) (Repl. 2004), and therefore lacked standing to question the issuance of the court's order. We reversed and remanded, holding that, under Ark. R. Civ. P. 24, the medical providers properly filed motions to intervene, and the circuit court failed to undertake any analysis under Rule 24. We reversed and remanded for the circuit court to address the merits of the requested intervention. *Id.*

Here, the appellees challenged the validity of Edwards's appointment as personal representative in the wrongful-death action pending in one division of circuit court. That division of circuit court, however, was not the first court to acquire jurisdiction over the probate matter. Thus, it had no original jurisdiction to decide the validity of an appointment order, which was entered by the circuit court that acquired jurisdiction over the administration of the decedent's estate, "to the exclusion of any other court." *Patterson,* 338 Ark. at 241, 992 S.W.2d at 796. In sum, we conclude that the civil division of circuit court usurped the authority of the probate division of circuit court by its ruling that Edwards's appointment as personal representative of his father's estate was void. Accordingly, we reverse the circuit court's summary-judgment order of dismissal, and we remand for further proceedings in accordance with this opinion.

Reversed and remanded.