John Barton HOBBS  *v.*  Honorable David L. REYNOLDS,
Circuit Judge

CR 08-1364                                          289 S.W.3d 917

Supreme Court of Arkansas
Opinion delivered December 19, 2008

*Peel Law Firm P.A.*, by: *John R. Peel* and *Jennifer L. Modersohn*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Per Curiam. On November 21, 2008, petitioner John Hobbs filed a petition for writ of prohibition and, in the alternative, a petition for writ of certiorari, as well as a motion for temporary stay and expedited relief. We now consider these motions.

An order of protection was entered by the Faulkner County Circuit Court on June 19, 2007. On September 4, 2007, Hobbs was charged by misdemeanor information with a violation of order of protection, a violation of Arkansas Code Annotated § 5-53-134 (Supp. 2005), and a Class A misdemeanor, in the Faulkner County Circuit Court. The criminal information states that the misdemeanor occurred in Faulkner County. However, the facts in the affidavit reveal that, on August 29, 2007, Hobbs allegedly beat Melissa Hobbs at her home in Southaven, Mississippi. A bench warrant was issued on September 4, 2007; Hobbs was arrested on May 27, 2008, and the warrant and return was filed with the Faulkner County Circuit Court on June 2, 2008. After Hobbs's arrest, the circuit court set bond in the amount of $10,000, and, as a condition of the bond, required Hobbs to submit to GPS electronic monitoring. A petition for bail was filed on June 18, 2008. On August 18, 2008, the State filed a motion for revocation of bond, and an order was entered revoking Hobbs's bond. A bond hearing was held, and on October 8, 2008, the circuit court ordered that Hobbs was to be held without bond for violating the terms of electronic monitoring. On November 13, 2008, Hobbs filed a second petition for bail.[1] On November 20, 2008, both parties jointly stipulated that Hobbs's alleged criminal conduct occurred in Mississippi and that the information was incorrect in stating that the crime occurred in Faulkner County. On November 17, 2008, Hobbs filed a motion to dismiss in Faulkner County Circuit Court, and the circuit court denied his motion to dismiss on November 20, 2008. Hobbs, a resident of Faulkner County, is currently a pretrial detainee without bail incarcerated in the Faulkner County Detention Center awaiting trial on the misdemeanor charge.

In his petition for writ of prohibition, Hobbs, citing Ark. Code Ann. § 5-1-104(a)(1) (Repl. 2006), argues that, in order for the circuit court to have jurisdiction over prosecuting the crime, the offense must have occurred in Arkansas. He further avers that,

---

[1] We note that we do not find a ruling on Hobbs's second petition for bail in the record.

because the alleged criminal act occurred in Mississippi, the circuit court in Arkansas is wholly without jurisdiction. He also asserts that there is no final order from which to appeal and that no other remedy is available. In the alternative, Hobbs contends that a writ of certiorari should issue because he is being held on a misdemeanor charge without bail. In his motion for temporary stay, Hobbs requests a temporary stay of the trial court proceedings and the establishment of a briefing schedule. On December 1, 2008, the State filed a response, arguing that this court should deny Hobbs any temporary or extraordinary relief.

A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *International Paper Co. v. Clark County Circuit Court*, 375 Ark. 127, 289 S.W.3d 103 (2008). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* When considering a petition for a writ of prohibition, this court confines its review to the pleadings in the case. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* Prohibition is never issued to prohibit a trial court from erroneously exercising jurisdiction. *Id.* Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. *Id.* They should issue only in cases of extreme necessity. *Id.*

Territorial jurisdiction over a criminal defendant is controlled by statute: "A person may be convicted under a law of this state of an offense committed by his or her own . . . conduct for which he or she is legally accountable if . . . [e]ither the conduct or a result that is an element of the offense occurs within this state. . . ." Ark. Code Ann. § 5-1-104 (Repl. 2006). We have stated that territorial jurisdictional claims, such as those raised by Hobbs under Ark. Code Ann. § 5-1-104, can be raised on direct appeal. *See, e.g., Kirwan v. State*, 351 Ark. 603, 96 S.W.3d 724 (2003). Under *Kirwan*, Hobbs may raise these jurisdictional claims in a direct appeal, and we cannot say that the circuit court is wholly without jurisdiction. For these reasons, we deny Hobbs's petition for writ of prohibition.

We now turn to Hobbs's petition for writ of certiorari to review the circuit court's denial of bail. Writs of certiorari have been labeled the appropriate vehicle for relief in bail proceedings. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003). Article 2,

§ 8 of the Arkansas Constitution provides that "[a]ll persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when proof is evident or the presumption great." A criminal defendant has an absolute right before conviction, except in capital cases, to a reasonable bail. *Reeves v. State*, 261 Ark. 384, 548 S.W.2d 822 (1977). *See also Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004); *Duncan v. State*, 308 Ark. 205, 823 S.W.2d 886 (1992). Further, Arkansas Rule of Criminal Procedure 9.6 (2008) does not in noncapital cases preclude the setting of a new and reasonable bail with whatever terms and restrictions deemed appropriate within its provisions. *Reeves*, 261 Ark. at 387, 548 S.W.2d at 824. The standard of review is an abuse of discretion. *See Foreman v. State*, 317 Ark. 146, 875 S.W.2d 853 (1994) (per curiam).

The State argues that circuit court did not abuse its discretion in denying bail because Hobbs violated the terms of his electronic monitoring as required by his previous bond. However, the State's argument is misplaced. Here, Hobbs was not charged with a capital offense, but rather, he was charged with a Class A misdemeanor for violating an order of protection. Under *Reeves*, the circuit court should have set a new, reasonable bail in this noncapital, misdemeanor case "with whatever terms and restrictions deemed appropriate within its provisions." *Reeves*, 261 Ark. at 387, 548 S.W.2d at 824. For these reasons, we hold that the circuit court's pretrial denial of Hobbs's bail was an abuse of discretion. Accordingly, we grant Hobbs's petition for writ of certiorari.

Further, Hobbs filed a motion for temporary stay and expedited relief and included in his petition is a request for a temporary stay of the trial-court proceedings and the establishment of a briefing schedule. We deny Hobbs's motion for temporary stay and expedited relief.