2009 Ark. 167

**Laura ALLEN, Individually and as Co-Trustee of the Thomas H. Allen and Laura Allen Revocable Trust Agreement Dated October 22, 2001, Petitioner,**

v.

**CIRCUIT COURT OF PULASKI COUNTY, NINTH DIVISION, Respondent.**

No. 08–1236.

Supreme Court of Arkansas.

April 2, 2009.

the Thomas H. "Bill" Allen and Laura Allen Joint Revocable Trust Agreement dated October 22, 2001, CV2007–485. We deny the petition for writ of prohibition.

The relevant facts are these. In 1988, Dr. Thomas H. "Bill" Allen quitclaimed his interest in his home, Longfellow Place, in Little Rock, to his then-wife Carolyn Allen. Carolyn Allen died in 1989, and, pursuant to her will, title to Longfellow Place vested in the Clytie Carolyn Allen Trust # 2 ("the Carolyn Allen Trust"). This trust provided that Longfellow Place, the trust's only asset, was held in trust for Dr. Allen, and the couple's two daughters, Kay Allen Bird and Lori Allen. The trust named Dr. Allen as trustee and Kay Allen Bird as the successor trustee.

In 1992, Dr. Allen married Laura Allen, the petitioner in this case. In 1998, Dr. Allen, as trustee of the Carolyn Allen Trust, and Laura Allen, his wife, sold Longfellow Place. The net proceeds from the sale were $567,780.00, which Dr. Allen and Laura Allen used to build a new house at 5820 North Country Club Boulevard in Little Rock ("the Country Club house"). On October 21, 2001, Dr. Allen and Laura Allen created the Dr. Thomas H. Allen and Laura Allen Joint Revocable Trust ("the Joint Revocable Trust"), which provided that all trust property was divided equally into two separate trusts, one each for Dr. Allen and Laura Allen, and that at the death of either party, his or her trust passes to the survivor's trust with the survivor as sole trustee for his or her benefit. At the survivor's death, the remaining trust property was to pass equally to the surviving children and grandchildren of Dr. Allen and Laura Allen.[1] Dr. Allen and Laura Allen transferred title to

Marshall & See, by: Pat Marshall, Little Rock, for petitioner.

Dustin McDaniel, Att'y Gen., by: Ali M. Brady, Ass't Att'y Gen., Little Rock, for respondent.

Hatfield & Lassiter, by: Richard F. Hatfield, Little Rock, for respondents Kay Bird and Lori Allen.

ROBERT L. BROWN, Justice.

Petitioner Laura Allen, individually and as co-trustee of the Thomas H. Allen and Laura Allen Joint Revocable Trust Agreement, petitions this court for a writ of prohibition to prevent the respondent, the Pulaski County Circuit Court, Ninth Division ("the Ninth Division"), from exercising jurisdiction over the complaint styled *Kay Allen Bird, individually and as trustee of the Clytie Carolyn Allen Trust # 2 v. Laura Seibs, formerly Laura Allen, individually and as co-trustee of*

---

1. Dr. Allen has two children, Kay and Lori, and one grandchild, Carolyn Bird. Laura Allen has two children and three grandchildren.

the Country Club house to the Joint Revocable Trust in December 2001.

In 2004, a guardianship action concerning Dr. Allen, *In Re: Dr. Allen H. "Bill" Allen, an Incapacitated Person*, No. PGD 2004–0603, was commenced in Pulaski County Circuit Court and assigned to the Ninth Division. On February 17, 2005, the Ninth Division found Dr. Allen to be incapacitated due to Alzheimer's disease and appointed Lori Allen as guardian of Dr. Allen's person and Bank of the Ozarks as guardian of Dr. Allen's estate. Subsequent to the guardianship action, Dr. Allen's two daughters and one grandchild filed a civil action in Pulaski County Circuit Court—*Kay Allen Bird, Lori Allen, and Carolyn Bird v. Bank of the Ozarks, as Guardian of the Estate of Thomas H. "Bill" Allen and Laura Allen, as Co-trustees of the Thomas H. "Bill" Allen and Laura Allen Joint Revocable Trust Dated October 22, 2001*, No. CV 2004–11842—seeking the imposition of a constructive trust over the assets of the Joint Revocable Trust, including the Country Club house. This case was also assigned to the Ninth Division of the Pulaski County Circuit Court.

In an order dated March 13, 2006, the Ninth Division imposed a constructive trust on the assets of the Joint Revocable Trust that were the result of the Longfellow Place sale in an amount equal to $567,820.00. The Ninth Division found that "the Carolyn Allen ⌊4Trust was essentially gutted and the proceeds from the sale of the Longfellow Place home were then placed in the Joint Revocable Trust"; that the proceeds of the Longfellow Place sale were not used for the stated purpose of the Carolyn Allen Trust; and that the proceeds unjustly enriched Laura Allen, who was not a beneficiary under the Carolyn Allen Trust. Laura Allen filed a notice of appeal from this order on April 12, 2006.

On April 19, 2006, Laura Allen filed for divorce from Dr. Allen in Pulaski County Circuit Court. The case, *Laura Allen v. Thomas "Bill" Allen*, DR 2006–2052, was assigned to the Sixteenth Division. On May 30, 2006, Laura Allen filed a motion for stay pending appeal of the March 13, 2006 judgment in the constructive-trust case, CV 2004–11842, which the Ninth Division granted in an order dated June 6, 2006. This order also authorized Laura Allen to sell the Country Club house, which was subject to the constructive trust.

On July 19, 2006, the various parties in the various lawsuits reached and executed a Family Settlement Agreement.[2] This agreement provided, among other things, that the divorce action, DR 2006–2052, would be finalized by an absolute divorce and that Laura ⌊5Allen would dismiss her appeal in the constructive-trust case, CV 2004–11842, and put the Country Club house up for immediate sale with $568,000 of the net proceeds from the sale going to the Carolyn Allen Trust. On July 20, 2006, by order in the guardianship case, PGD 2004–0603, the Ninth Division approved the execution of the Family Settlement Agreement by Bank of the Ozarks, as guardian of Dr. Allen's estate, and Lori Allen, as guardian of Dr. Allen's person, and authorized the parties to take the necessary steps to implement the terms of the agreement. On July 27, 2006, the

---

**2.** The parties to the Family Settlement Agreement included: (1) Kay Allen Bird, individually, as natural guardian of Carolyn Bird, her daughter, as Successor Trustee of the Carolyn Allen Trust, and as beneficiary of the Joint Revocable Trust; (2) Lori Allen, individually, as guardian of Dr. Allen, and as beneficiary of the Joint Revocable Trust; (3) Bank of the Ozarks, as guardian of Dr. Allen's estate; and (4) Laura Allen, individually, and as trustee and beneficiary of the Joint Revocable Trust.

Sixteenth Division entered a decree of final divorce in *Allen v. Allen,* DR 2006–2052, which incorporated the Family Settlement Agreement. In its decree, the Sixteenth Division retained jurisdiction over the parties to enter additional orders.

On October 10, 2006, Kay Allen Bird and Lori Allen filed a motion to enforce the Family Settlement Agreement with the Ninth Division in both the constructive-trust case, CV 2004–11842, and the guardianship case, PGD 2004–0603. On January 11, 2007, Kay Allen Bird, as trustee of the Carolyn Allen Trust, filed a new civil lawsuit against Laura Allen—*Kay Allen Bird, individually and as Trustee of the Clytie Carolyn Allen Trust # 2 v. Laura Seibs, formerly Laura Allen, individually and as Co-Trustee of the Thomas H. "Bill" Allen and Laura Allen Joint Revocable Trust Agreement dated October 22, 2001,* No. CV 2007–485—which was assigned to the Pulaski County Circuit Court, Twelfth Division ("the Twelfth Division"). The motion to enforce the Family Settlement Agreement and the new civil action sought essentially the same remedies—namely, that Laura Allen be ordered to sell the Country Club house in accordance with the Family Settlement Agreement and to pay for insurance and utilities on the house prior to sale.

On October 19, 2006, Laura Allen moved to dismiss the motion to enforce the Family Settlement Agreement pending in the Ninth Division and filed an answer and a motion to dismiss in the Twelfth Division on February 1, 2007. In her pleadings, she asserted that both the Ninth and Twelfth Divisions lacked jurisdiction because the Sixteenth Division retained jurisdiction over the Family Settlement Agreement under the terms of the divorce decree. On February 5, 2007, Kay Allen Bird moved to transfer CV 2007–485 from the Twelfth Division to the Ninth Division.

Laura Allen responded to the motion to transfer on February 7, 2007, and reasserted her position that neither division had jurisdiction because the Sixteenth Division retained jurisdiction per the divorce decree.

On February 16, 2007, Dr. Allen died. Lori Allen and Kay Allen Bird then moved to withdraw their motion to enforce the Family Settlement Agreement in the guardianship case, PGD 2004–0603, and the constructive trust case, CV 2004–11842. The Ninth Division granted the motion to withdraw on March 13, 2007. Dr. Allen's death resulted in Kay Allen Bird becoming successor trustee. She then moved to substitute Lori Allen as party plaintiff in place of herself as trustee of the Carolyn Allen Trust, in case CV 2007–485. The Twelfth Division granted the motion to substitute parties plaintiff on April 27, 2007. On May 9, 2007, on the agreement of the Ninth and Twelfth Divisions, case CV 2007–485 was transferred from the Twelfth Division to the Ninth Division.

After CV 2007–485 was transferred to the Ninth Division, Kay Allen Bird and Lori Allen moved for a temporary restraining order on August 25, 2008, and filed an amended motion for a temporary restraining order on September 11, 2008. Both motions, in part, sought to restrain Laura Allen from leasing the Country Club house. In her response, Laura Allen again denied that the Ninth Division had jurisdiction of the matter. Following a hearing in the Ninth Division on the temporary-restraining-order motion and Laura Allen's motion to dismiss, the Ninth Division denied both the motion for a temporary restraining order and Laura Allen's motion to dismiss on September 26, 2008, and ordered Laura Allen to have the Country Club house appraised within forty-five days from the date of the hearing.

In denying Laura Allen's motion to dismiss, the Ninth Division said that a "major obstacle" to her argument that the Sixteenth Division had exclusive jurisdiction of the matter was the fact that only one of the parties to the Family Settlement Agreement was before the Sixteenth Division in the divorce case, whereas the present action involved all of the necessary parties. On October 24, 2008, Laura Allen filed her petition for a writ of prohibition with this court, which is the matter before us today.

In her prohibition petition, Laura Allen urges this court to issue a writ to prevent the Ninth Division from acting without jurisdiction over the Family Settlement Agreement. She claims that the Sixteenth Division obtained exclusive jurisdiction under the common-law principle of concurrent jurisdiction because the Sixteenth Division was the first division to exercise jurisdiction over the Family Settlement Agreement when it incorporated the agreement into the terms of the divorce decree on July 27, 2006. Additionally, Laura Allen urges that the respondents voluntarily submitted themselves to the jurisdiction of the Sixteenth Division "by virtue of their agreement to incorporate the distributions made under the agreement into the divorce decree"; that the Family Settlement Agreement, which was incorporated into the Sixteenth Division's decree, benefitted the respondents, and, as such, the respondents could enforce the agreement in the Sixteenth Division in accordance with Arkansas Rule of Civil Procedure 71;[3] and that the respondents were in privity with Dr. Allen in the divorce action.

Respondent, the Ninth Division, recognizes the common-law principle of concurrent jurisdiction in its response, but asserts that the Ninth Division was the first to exercise jurisdiction in this case. The Ninth Division argues that the underlying subject matter is the Country Club house and the constructive trust over it, which was at issue in both the Ninth Division guardianship case and the Ninth Division constructive-trust case, both of which were filed prior to the divorce case in the Sixteenth Division. The Ninth Division notes that this fact is evidenced by the Family Settlement Agreement itself, which explicitly dealt with the issues already pending in the Ninth Division. The Ninth Division argues, in the alternative, that a writ of prohibition is inappropriate in this case because it has already acted in denying Laura Allen's motion to dismiss and because Laura Allen has not shown that she lacks the alternative remedy of an appeal.

Separate respondents, Kay Allen Bird and Lori Allen, also assert that the Ninth Division was the first to exercise jurisdiction over this matter and specifically point to the Ninth Division's July 20, 2006 order authorizing Bank of the Ozarks as guardian of Dr. Allen's estate and Lori Allen as guardian of Dr. Allen's person to execute the Family Settlement Agreement, which was seven days before the Sixteenth Division's entry of the divorce decree. The separate respondents further argue that only the Ninth Division had personal jurisdiction over Kay Allen Bird and Lori Allen, individually and as guardian of Dr. Allen's person, and that Ark. R. Civ. P. 71 states that a non-party to an action "may" enforce an order, and, thus, it is not mandatory. As a final point, the separate respondents claim that Laura Allen waived the right to contest the jurisdiction of the

---

**3.** Ark. R. Civ. P. 71 provides, in pertinent part, that "[w]hen an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party."

Ninth Division by failing to timely appeal the Twelfth Division's May 9, 2006 order transferring the case from the Twelfth to the Ninth Division.

This court has repeatedly stated that a writ of prohibition is an extraordinary remedy that is only appropriate when the lower court is wholly without subject-matter jurisdiction. ‚₁₀See, e.g., Ulmer v. Circuit Court of Polk County, 366 Ark. 212, 234 S.W.3d 290 (2006). Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. Id. In Conner v. Simes, we succinctly explained the standard of review for a writ of prohibition:

> The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. This court confines its review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss.

Conner v. Simes, 355 Ark. 422, 425–26, 139 S.W.3d 476, 478 (2003). Finally, this court will not issue a writ of prohibition for something that has already been done. Holmes v. Lessenberry, 297 Ark. 23, 759 S.W.2d 37 (1988) (per curiam). Where the circuit court's order was entered without or in excess of jurisdiction, this court has, on occasion, carved through the technicalities and treated a petition for a writ of prohibition as a petition for a writ of certiorari. Simes, 355 Ark. at 428, 139 S.W.3d at 479.

We conclude that the Ninth Division has already acted on this matter in the guardianship case, PGD 2004–0603, the constructive trust case, CV 2004–11842, and the present action, CV 2007–485. Accordingly, relief in the form of a writ of prohibition does not lie. See Holmes v. Lessenberry, supra. Nevertheless, this court has, on occasion, treated ‚₁₁a petition for writ of prohibition as a petition for writ of certiorari. See Simes, 355 Ark. at 428, 139 S.W.3d at 479.

A writ of certiorari is a remedy used to quash irregular proceedings. Lenser v. McGowan, 358 Ark. 423, 191 S.W.3d 506 (2004). This court has said:

> Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. Certiorari is available in the exercise of this court's superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. However, certiorari may not be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. Certiorari is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy.

Evans v. Blankenship, 374 Ark. 104, 286 S.W.3d 137 (2008). A writ of certiorari is extraordinary relief, and lies only where it is clear on the face of the record that there has been "a plain, manifest, clear, and gross abuse of discretion, and there is no other adequate remedy." Simes, 355 Ark. at 428, 139 S.W.3d at 480.

Laura Allen is correct that this court has long recognized the common-law rule on concurrent jurisdiction, also known as the jurisdictional-priority rule: "Where concurrent jurisdiction is vested in different tribunals, 'the first exercising jurisdic-

tion rightfully acquires control to the exclusion of, and without interference of, the other.'" *Patterson v. Isom*, 338 Ark. 234, 239, 992 S.W.2d 792, 795 (1999) (quoting *Tortorich v. Tortorich*, 324 Ark. 128, 131, 919 S.W.2d 213, 214 (1996)); *see also Askew v. Murdock Acceptance Corp.*, 225 Ark. 68, 279 S.W.2d 557 (1955); *Bradley v. State*, 32 Ark. 722 (1878). In *Askew*, this court gave the rationale behind the rule, saying:

> The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely.

*Askew*, 225 Ark. at 72, 279 S.W.2d at 560 (citations omitted).

In *Edwards v. Nelson*, 372 Ark. 300, 275 S.W.3d 158 (2008), this court reiterated the governing jurisdictional-priority rule:

> Where two actions between the same parties on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would una-

voidably lead to perpetual collision and be productive of most calamitous results. *Id.* at 303–04, 275 S.W.3d at 161 (quoting *Askew*, 225 Ark. at 72–73, 279 S.W.2d at 560–61). Moreover, this court has granted a writ of certiorari on the basis of the common-law concurrent jurisdiction rule. *See Foster v. Hill*, 372 Ark. 263, 275 S.W.3d 151 (2008) (holding that the concurrent jurisdiction rule was one ground for granting a writ of certiorari preventing a division of the Circuit Court of Crittenden County from acting on a matter, over which a coordinate division had already exercised jurisdiction).[4]

The parties before this court are in profound disagreement over which division of the Pulaski County Circuit Court, the Ninth or the Sixteenth, first exercised jurisdiction over this matter. To summarize, Laura Allen asserts that the Sixteenth Division was the first division to exercise jurisdiction over the Family Settlement Agreement when it incorporated that agreement into the terms of the divorce decree on July 27, 2006. The Ninth Division classifies the underlying subject matter of this dispute as the Country Club house and maintains that it first exercised jurisdiction over this matter in both the guardianship case and the constructive trust case, which were filed in the Ninth Division prior to the filing of the divorce case in the Sixteenth Division. In addition, Kay Allen Bird and Lori Allen state that the Ninth Division was the first division to exercise jurisdiction over the Family Settlement Agreement when it authorized the execution of the agreement by the guardians in its order of July 20, 2006, which was seven days before the Sixteenth Division entered the divorce decree.

We conclude that the jurisdictional-priority rule does not operate to prevent the

---

**4.** This case did not address the availability of an appeal as an alternative remedy.

Ninth Division from acting on this matter. As already stated, a writ of certiorari is extraordinary relief and lies only when it is clear on the face of the record that there has been "a plain, manifest, clear, and gross abuse of discretion." *Simes*, 355 Ark. at 428, 139 S.W.3d at 480. This requirement has not been met in the instant case.

We are persuaded by these facts: (1) the Family Settlement Agreement binds the parties in three separate causes of action, two of which were filed in the Ninth Division and decided by that division prior to the Sixteenth Division's entry of the divorce decree; (2) the constructive-trust action in the Ninth Division established the respondents' right to the proceeds from the sale of Longfellow Place, which was subsequently memorialized in the Family Settlement Agreement; (3) only one signatory to the Family Settlement Agreement was a party to the divorce action; (4) the Ninth Division issued an order authorizing the execution of the settlement agreement prior to the Sixteenth Division's incorporation of the Family Settlement Agreement into the divorce decree; and (5) the instant case, an action for specific performance pending in the Ninth Division, named all the parties to the Family Settlement Agreement.

In short, it is clear to this court that the Ninth Division first took jurisdiction over matters that formed the heart of this dispute in the guardianship case, PGD 2004–0603, the constructive trust case, CV 2004–11842, and the present action, CV 2007–485. Because of this history, we cannot say that the circuit judge in the Ninth Division committed a plain, manifest, clear, and gross abuse of discretion in her actions with regard to the Family Settlement Agreement in CV 2007–485 or in any other proceedings involving the Family Settlement Agreement. Furthermore,

we do not view an appeal as an adequate remedy under these facts because of the immediate need to avoid a dangerous conflict between divisions of the circuit court over which division has subject-matter jurisdiction to dispense justice. *See Edwards v. Nelson, supra; Askew v. Murdock Acceptance Corp., supra.*

Writ of prohibition denied.

IMBER, J., not participating.