2010 Ark. 451

**PATSY SIMMONS LIMITED PARTNERSHIP, Petitioner,**

v.

**Honorable Jay FINCH, Benton County Circuit Court, Marlene M. Seratt, Mark A. Seratt, Aurora Cortez, Dan McMillan, Respondents.**

No. 10–8.

Supreme Court of Arkansas.

Nov. 18, 2010.

Roy, Lambert, Lovelace & Bingaman, LLP, by: Jimmy Roy, Jr., and James H. Bingaman, for petitioner.

Duncan Firm P.A., Little Rock, by: Phillip Duncan, for respondents.

ROBERT L. BROWN, Justice.

Marlene Seratt, Mark Seratt, Aurora Cortez, and Dan McMillan (respondents) were all employed by Pharmerica, Inc., a pharmaceutical distribution business that leased property at 614 N. Second Street in Rogers from the Patsy Simmons Limited Partnership. On or about June 8, 2005, it was discovered that the water heater unit was not installed properly, causing inadequate ventilation and leading to the accumulation of toxic levels of carbon monoxide inside the premises.

Respondents filed a complaint against Patsy Simmons Limited Partnership; Simmons Builders, Inc.; Arkansas Western Gas Company; John Doe Water Heater Installer; and John Doe Water Heater Maintenance Company, and alleged that they were negligent in failing to provide and install a properly ventilated water heater in the property located at 614 N. Second Street, thus exposing the respondents to toxic levels of carbon monoxide.

On June 24, 2008, a summons, which had been issued on June 2, 2008, was served on the Patsy Simmons Limited Partnership (Simmons) through its registered agent, Patsy Simmons, whose residence was located in Rogers. The summons incorrectly stated that Simmons had thirty days, rather than twenty days, to answer this complaint. Simmons filed an answer on July 11, 2008, and objected to personal jurisdiction and argued that the complaint should be dismissed. It raised the following defenses in its answer: (1) insufficiency of process, (2) insufficiency of service of process or proper return of process, (3) insufficiency and correctness of the return of the service of process, and (4) failure to comply with Rule 4 of the Arkansas Rules of Civil Procedure in the manner of ser-vice, the form of service, and the return of service within 120 days after the complaint was filed. Simmons filed an amended answer on November 14, 2008, and again objected to personal jurisdiction and raised these same defenses. An amended or corrected summons was never served on Simmons.

On September 11, 2009, Simmons moved to dismiss or, in the alternative, moved for summary judgment. The motion to dismiss specifically read that the summons issued to Simmons was defective in that it incorrectly stated the time in which it had to answer the complaint.

The circuit court sent a letter dated November 30, 2009, to all parties which concluded that it was the opinion of the court that this matter should not be dismissed, nor should summary judgment be granted. The court entered an order on December 21, 2009, denying Simmons's motion to dismiss, or, in the alternative, its motion for summary judgment. On January 4, 2010, Simmons filed a petition for a writ of prohibition with this court.

Simmons contends in its prohibition petition that the circuit court lacked personal jurisdiction due to the defective summons and, therefore, the circuit court should have granted Simmons's motion to dismiss. It requests that this court issue a writ of prohibition to prohibit the Benton County Circuit Court from proceeding with this case because it lacks jurisdiction to do so. It urges this court to dismiss the complaint with prejudice because the statute of limitations has now run on respondents' negligence claim.

Simmons also contends that this court should find the savings statute included at Arkansas Code Annotated section 16–56–126, which would allow the respondents to refile their negligence claim within one year, to be unconstitutional.

## I. Jurisdiction

It is undisputed that the sole defect in the summons was the statement that Simmons had thirty days instead of twenty days to answer the complaint. Respondents do not deny that Simmons is a domestic limited partnership with the address of its registered agent listed in Rogers. Arkansas Rule of Civil Procedure 4(b) mandates the form of the summons:

(b) Form. The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise, the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Ark. R. Civ. P. 4(b) (2008). According to Arkansas Rule of Civil Procedure 12(a)(1), "A defendant shall file his or her answer within 20 days after the service of summons and complaint upon him or her, except that: (A) a defendant not residing in this state shall file an answer within 30 days after service." Ark. R. Civ. P. 12(a)(1) (2008). Hence, it is clear that the summons issued to Simmons was defective in that it incorrectly provided that the petitioner, a domestic limited partnership, had thirty days to answer the complaint rather than twenty days.

The question before this court is whether this defect in the summons equated to a lack of jurisdiction in the circuit court. The law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant.

See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) (citing Raymond v. Raymond, 343 Ark. 480, 36 S.W.3d 733 (2001)). It is equally settled that service requirements set out by rules, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. Id.; Carruth v. Design Interiors, Inc., 324 Ark. 373, 374–75, 921 S.W.2d 944, 945 (1996). Specifically, this court has consistently required that the technical requirements of a summons as set out in Arkansas Rule of Civil Procedure 4(b) be strictly construed and compliance with those requirements be exact. Smith, 353 Ark. at 709, 120 S.W.3d at 530 (citing Thompson v. Potlatch Corp., 326 Ark. 244, 930 S.W.2d 355 (1996)). This court has recently said that this "bright line standard of strict compliance permits certainty in the law; whereas, a substantial compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due process requirements of the Arkansas and U.S. Constitutions have been met." Trusclair v. McGowan Working Partners, 2009 Ark. 203, at 4, 306 S.W.3d 428, 430.

Simmons relies heavily on this court's decision in Trusclair, while the respondents seek to distinguish Trusclair from the instant case. In Trusclair, the appeal arose from a dismissal with prejudice because the original complaint had been voluntarily dismissed without prejudice and then refiled, which resulted in the second dismissal. The appellee in that case was a foreign corporation with its principal place of business in Mississippi and an agent designated for service in Arkansas. The appellee was served by certified mail. However, the summons contained an error by providing that the appellee had twenty days, rather than the correct thirty days, from the date of ser-

vice to answer the complaint. After the appellee moved to dismiss based on lack of jurisdiction, the circuit court granted the dismissal motion and concluded that it lacked the jurisdiction to amend the defective summons because the 120–day period for service of summons had expired without an extension. This court held, after recognizing our longstanding case law that statutory service requirements must be strictly construed and compliance must be exact, that the circuit court properly dismissed the complaint based on the deficiency of the summons under Rule 4(b).

Respondents claim that *Trusclair* is inapplicable to the case at bar for the following reasons: (1) *Trusclair* involved an out-of-state defendant while this case involves an in-state defendant; (2) the defendant in *Trusclair* was provided less days to answer than it was permitted under Rule 12 (twenty days instead of thirty), while the petitioner in the instant case was given more time to answer (thirty days instead of twenty); and (3) the plaintiff in *Trusclair* had previously nonsuited and, therefore, the complaint could not be dismissed without prejudice a second time, while in the instant case the respondents had not previously nonsuited.

Respondents are correct that these are the factual distinctions between the instant case and the *Trusclair* case. These factual differences, however, do not change the law relied upon in *Trusclair* and several other prior cases that service requirements, specifically Arkansas Rule of Civil Procedure 4, must be strictly construed and compliance with that rule's requirements must be exact. This case and the *Trusclair* case involve essentially the same defect in the summons—the time period in which to answer the complaint was incorrect—regardless of whether the defendant was an in-state or out-of-state defendant. Because this court has long adhered to the strict-compliance standard for service requirements such as those laid out in Rule 4, we hold that the summons was deficient under Rule 4(b) and that the circuit court lacked jurisdiction over Simmons.

Respondents also argue that the circuit court has discretion under both Rule 4(h) and Rule 6(b) of the Arkansas Rules of Civil Procedure to amend the summons. Regardless of whether the circuit court has discretion to amend the summons under either of these rules, such an amendment must be made within the 120–day time period prescribed by Rule 4(i). *See Trusclair*, 2009 Ark. 203, at 5, 306 S.W.3d at 431 (finding that even though the judge has discretion to amend a summons under Rule 4(h), valid service of process must still be accomplished within 120 days after the filing of the complaint, unless a motion to extend is filed before the expiration of this deadline); *see also* Ark. R. Civ. P. 6(b) (2008) (allowing the court, in its discretion, to enlarge the time period allowed for an act to be done, as long as the request is made before the expiration of the period originally prescribed, but specifically prohibiting the court from extending the time period for service of summons under Rule 4(i)). Neither an amended nor a corrected summons was ever served on the petitioner, let alone within the 120 days required by Arkansas Rule of Civil Procedure 4(i). We find that this argument lacks merit.

## II.  *Writ of Prohibition*

This court has repeatedly held that a writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *See Hobbs v. Reynolds*, 375 Ark. 313, 315, 289 S.W.3d 917, 919 (2008) (per curiam) (citing *Int'l Paper Co. v. Clark Cnty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008)); *Allen v. Cir. Ct. of Pulaski Cnty.*, 2009 Ark. 167, at 9, 303 S.W.3d 70, 76. Our

standard for issuing a writ of prohibition is clear:

The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. This court confines its review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss.

*Conner v. Simes,* 355 Ark. 422, 425–26, 139 S.W.3d 476, 478 (2003) (internal citations omitted). Further, writs of prohibition are only to be used with extreme caution and are intended to be narrow in scope and operation. *Hobbs,* 375 Ark. at 315, 289 S.W.3d at 919–20. This remedy is only to be used in cases of extreme necessity. *Id.* at 315, 289 S.W.3d at 920. However, a writ of prohibition will not be issued for something that has already been done. *Allen,* 2009 Ark. 167, at 10–11, 303 S.W.3d at 76. Pertinent to the instant case, this court has recognized that lack of service of process, and, thus, lack of jurisdiction in the circuit court, can constitute grounds for prohibition. *See Green v. Mills,* 339 Ark. 200, 203–04, 4 S.W.3d 493, 494–95 (1999).

On occasion, this court has treated a petition for a writ of prohibition as a petition for certiorari. *See, e.g., Simes,* 355 Ark. at 428, 139 S.W.3d at 479. Although a writ of prohibition "cannot be invoked to correct an order already entered, [ ] where the lower court's order has been entered without or in excess of jurisdiction, we will carve through the technicalities and treat the application for a writ of prohibition as one for certiorari." *Cato v. Craighead Cnty. Cir. Ct.,* 2009 Ark. 334,

at 6, 322 S.W.3d 484, 488. This court has said regarding certiorari:

Certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy. Certiorari is available in the exercise of this court's superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. However, certiorari may not be used to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. Certiorari is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim or to issue a particular type of remedy.

*Allen,* 2009 Ark. 167, at 10–11, 303 S.W.3d at 76 (quoting *Evans v. Blankenship,* 374 Ark. 104, 108, 286 S.W.3d 137, 141 (2008)).

Simmons claims that a writ of prohibition is appropriate under the facts of this case because the circuit court was wholly without jurisdiction to hear the case, but respondents point out that a writ of prohibition is not appropriate because the circuit court has already acted on this matter by denying Simmons's motion to dismiss for lack of jurisdiction. Respondents are correct that the circuit court has already acted on this matter; therefore, relief in the form of a writ of prohibition does not lie. Nevertheless, for the reasons set out above and in our *Trusclair* decision, the circuit court was without jurisdiction to hear the case due to the failure to serve valid process, and the issuance of a writ of certiorari is appropriate.

### III. *Dismissal with Prejudice*

Simmons maintains that if this court issues an emergency writ to the circuit court, the respondents' complaint should

be dismissed with prejudice because the respondents' claim is barred by the statute of limitations for negligence and because the savings statute found at Arkansas Code Annotated section 16–56–126 is unconstitutional. The respondents answer that any dismissal should be without prejudice and cite this court to *Rettig v. Ballard,* 2009 Ark. 629, 362 S.W.3d 260.

We decline to address those issues because they are premature. At this juncture, it is unknown whether respondents will sue again under the savings statute and how the circuit court will rule, if the constitutionality of that statute is challenged.

Writ of certiorari issued.