Karen R. Baker, Justice, dissenting. I wholeheartedly agree with the majority that we require strict compliance with Arkansas Rule of Civil Procedure 4. Therefore, I must dissent from the majority’s conclusion that the summons at issue in the present case was 1pdefective because the majority has failed to adhere to the language of Rule 4. Neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a rule provision. Solis v. State, 371 Ark. 590, 595, 269 S.W.3d 352, 356 (2007) (citing Sturdivant v. Sturdivant, 367 Ark. 514, 517, 241 S.W.3d 740, 743 (2006)). Further, sendee requirements imposed by court rules “must be construed strictly and compliance with those requirements must be exact.” Id. (citing Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003)). Rule 4, as it appeared when Harvest filed its complaint, requires that the summons include “the times within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.” Ark. R. Civ. P. 4(b) (2007); see also In Re Arkansas Rules of Civil Procedure, 366 Ark. App’x 644 (2006) (per cu-riam) (adopting amendments to Rule 4 effective May 25, 2006). The parties do not dispute that, at the time the summons was issued in this case, the rule granted an incarcerated defendant sixty days, rather than the thirty days stated in Harvest’s summons, to file an answer. The parties also do not dispute that the Earls were not incarcerated at the time the summons was served. This court has not addressed the precise issue in this case: whether a misstated response time that does not apply to the defendant served renders a summons defective. Resolution of this first-impression issue requires this court to examine Rule 4 and our prior cases relating to the content of a valid service of summons. In Patsy Simmons Ltd. Partnership v. Finch, this court held that a summons stating that an instate defendant had thirty | indays, rather than twenty days, was deficient and deprived the circuit court of jurisdiction. 2010 Ark. 451, at 6, 370 S.W.3d 257, 261. In Trusclair, relied on by the Patsy Simmons court, this court held that a summons stating that an out-of-state defendant had twenty days, rather than thirty days, to respond to a complaint, was deficient and deprived the circuit court of jurisdiction. Trusclair, 2009 Ark. 203, at 5, 306 S.W.3d at 431. In both instances, this court held that statutory service requirements must be strictly construed and compliance must be exact; therefore, we concluded that the respective circuit courts properly dismissed the underlying complaints based on the deficiency of the summons under Rule 4(b). Patsy Simmons, 2010 Ark. 451, at 5-6, 370 S.W.3d at 261; Trusclair, 2009 Ark. 203, at 5, 306 S.W.3d at 431. In the present case, Harvest contends that its summons was not deficient because the plain language of Rule 4 does not require a summons to list the correct response time for every class of defendant, but requires only that a summons state the time within which the defendant must respond. Harvest contends that a summons is not deficient when there is an error in the superfluous language that is not required to be included under Rule 4. Harvest maintains that this court’s, opinion in Nucor Corporation v. Kilman, 358 Ark. 107, 186 S.W.3d 720 (2004) is persuasive in the present circumstances. In Nucor, this court determined that a summons was not defective when it listed the defendant correctly but incorrectly listed other defendants. 358 Ark. at 122, 186 S.W.3d at 729. In that case, this court rejected a “literal application” of Rule 4(b) that would lead to “absurd consequences.” Id. Rule 4 states that the summons “shall ... contain ... the time within which these rules ^require the defendant to file a pleading, and defend ...” Ark. R. Civ. P. 4(b) (emphasis added). In contrast to Rule 4(b)’s use of the article “the,” Arkansas Rule of Civil Procedure 12, which provides the time for filing an answer to a complaint, states, “A defendant shall file his or her answer ...” Ark. R. Civ. P. 12(a)(1) (emphasis added). While the majority affirms that these two rules must be read “in conjunction,” the majority fails to acknowledge the textual difference between the two. The two rules use two different articles, “the” versus “a,” in referring to defendants. In plain English, “the” is a definite article that points to a definite object that (1) is so well understood that it does not need description; (2) is a thing that is about to be described; ór (3) is important. The Chicago Manual of Style R. 5.69 (16th ed.2010). In contrast, “a” is an indefinite article used to refer to nonspecific objects, things, or persons that are not distinguished from the other members of a class. The Chicago Manual of Style R. 5.70 (16th ed.2010). Accordingly, a strict application of Rule 4 requires that the summons correctly state the response time for the specific defendant served, whereas Rule 12, sets out the response times for all classes of defendants.[1] | ^Moreover, this interpretation reconciles Trusclair, Patsy Simmons, and Nucor. In both Trusclair and Patsy Simmons, the defect related to the specific defendants served. In Nucor, however, the defect did not relate to the specific defendant served. Instead, the defect involved the misidentification of another party. Read together, these three cases implicitly recognize that the requirements of Rule 4 apply to the specific defendant served, and not. to any defendant within the entire class of possible defendants. . Moreover, I disagree with the majority’s assertion that Harvest’s reliance on Nucor is misplaced because the summons at issue in Nucor “did riot contain an erroneous statement of any of the provisions in Rule 4(b) or 12(a).” As this court recognized in Nucor, Rule 4(b) requires that the summons “contain the names of the parties.” 358 Ark. at 123, 186 S.W.3d at 729; see also Ark. R. Civ. P.R. 4(b) (“The summons shall ... contain the names of the parties.”). Thus, that the summons contain the names of the parties is a provision of Rule 4(b), although it is not a provision of Rule 12(a). Despite the fact that the summons in Nucor contained an error as to the name of one of the parties, we refused to adopt a “literal interpretation” of Rule 4(b)’s provisions that would require a listing of every plaintiff and every defendant on every summons, no matter how many plaintiffs and defendants are parties to the case. While I acknowledge that Nucor is not directly on point with the present facts, 113as it involved the names of the parties and not the response times for various categories of defendants, I disagree with the majority’s attempt to circumvent the holding of that case by stating that the names of the parties are not a provision of Rule 4(b). In short, the use of the definite article “the” before defendant means that the requirements of Rule 4 apply to the specific defendant identified by the summons and errors that do not pertain to that defendant do not render the summons defective. The majority errs by conflating Rules 4(b) and Rule 12 and'requiring that a summons must state the correct resporise time for all categories of defendants listed, regardless of whether the response time for the defendant summoned is correctly stated. Instead, the majority should confine its analysis to reviewing whether the summons properly states the response time for the defendant served, which is all that is required under our Rules and by our precedents. Therefore, I. dissent. GOODSON, J. joins in this dissent. . In varying contexts, other jurisdictions acknowledge that use of a- definite rather than indefinite article is an indication of meaning. Dep’t of Ecology v. City of Spokane Valley, 167 Wash.App. 952, 275 P.3d 367, 373 (2012); Toshiba Corp. v. Imation Corp., No. 09-CV-305-SLC, 2013 WL 1248633, at 15 (W.D.Wis. Mar. 26, 2013) supplemented by, No. 09-CV-305-SLC, 2013 WL 7157854 (W.D.Wis. Apr. 5, 2013) (discussing the impact of the indefinite article "an” versus a definite article “the” when used in a claim); Robinson v. City of Lansing, 486 Mich. 1, 782 N.W.2d 171, 186 (2010) (Young, J., concurring) ("[T]he Legislature's varied use of definite versus indefinite articles in a statute requires that those articles be accorded their grammatically correct meanings.”); State v. Rodriguez, 217 Or.App. 24, 175 P.3d 471, 475 (2007) (”[W]e ordinarily assume that the use of the indefinite article, as opposed to the definite article, has legal significance.”); BP Am. Prod. Co. v. Madsen, 53 P.3d 1088, 1092 (Wyo.2002) (”[I]n construing statutes, the definite article 'the' is a word of limitation as opposed to the indefinite or generalizing force of ‘a’ or 'an.' ”); In re Am. Freight Sys., Inc., 185 B.R. 345, 352 (Bankr.D.Kan.1995) (finding that the use of "the” is appropriate only when the thing referred to has been previously identified and criticizing constructions that substitute an indefinite article or word like "an,” rather than the definite article "the”); United States v. Hudson, 65 F. 68, 71 (W.D.Ark.1894) (" 'The' is the word used before nouns, with a specifying or particularizing effect, opposed to the indefinite or generalizing force of ‘a’ or 'an.' ”).