Cite as 2023 Ark. App. 573

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-22-710

| | | |
|---|---|---|
| JORDAN JOSLIN | | Opinion Delivered December 6, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73DR-19-607] |
| V. | | |
| MADISON OSBORN | | HONORABLE CRAIG HANNAH, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jordan Joslin appeals the July 11, 2022 order of the White County Circuit Court denying his motion to dismiss an agreed child-support order between the parties. Appellant contends that the circuit court erred in denying his motion because he was never served with a copy of appellee's petition for child support and that the circuit court never obtained personal jurisdiction over him. We affirm.

The facts are not in dispute. Appellee filed a petition for child support on September 23, 2019, contending that appellant is the father of Minor Child (MC) born on March 28, 2019. She indicated that the parties were never married, and she sought a "reasonable amount of child support" and asked that a hearing be held immediately. Based on the record, a summons was issued to appellant that same day, but it was never returned served.

The parties executed an agreed order on September 25, which was filed of record on September 26.[1] In the order, appellant agreed to pay weekly support in the amount of $187. He was granted supervised visitation with MC; his name was to be placed on all documents for access to MC's records; he was directed to notify his employers of the income-withholding provisions of the order; the parties were to keep each other informed of MC's health, education, and activities and consult with one another on those issues; he was to be responsible for MC's insurance if ARKids coverage terminated; the parties were granted the right to all information concerning MC regardless of any state, federal, or business privacy policy; and the parties were prohibited from residing with MC outside the jurisdiction of the circuit court unless by agreement or court order. At the time appellant signed the agreed order, only appellee was represented by counsel.

Appellant subsequently obtained counsel and moved to dismiss the child-support proceeding against him on May 9, 2022. He contended that the agreed order was void ab initio because he was never lawfully served with appellee's petition for child support, and the circuit court never gained personal jurisdiction over him. He asked that the proceedings be dismissed and that the agreed order be set aside as void. Appellee was served with appellant's motion on May 11. The circuit court emailed the parties' attorneys on June 17 asking them to set a hearing on a Tuesday as soon as possible or to allow the circuit court to rule on the pleadings. The circuit court entered an order on July 11 denying appellant's motion. The

---

[1]An order of wage assignment was entered the same day.

order stated that paragraph 1 of the agreed order waived the service requirements.[2] Appellant filed a timely notice of appeal.

Appellant argues that the circuit court abused its discretion by denying his motion to dismiss. He contends that he was never served with appellee's petition and that he did not execute a waiver of service prior to the entry of the agreed order. Service of valid process is necessary to give a court jurisdiction over a defendant.[3] Our service rules place an extremely heavy burden on the plaintiff to demonstrate that compliance with our rules has been had.[4] The guiding principle of Arkansas Rule of Civil Procedure 4 and the purpose of a summons is to ensure due process by giving the defendant adequate notice of the suit and an opportunity to respond before a judgment is entered.[5] Actual knowledge of a proceeding does not validate defective process.[6] The defense of personal jurisdiction may be waived by the appearance of the defendant without raising the objection.[7] This court has long recognized that any action on the part of a defendant, except to object to jurisdiction, which

---

[2]Paragraph 1 states, "This Court has continuing jurisdiction over the subject matter and the parties herein."

[3]*Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257.

[4]*Wine v. Chandler*, 2020 Ark. App. 412, 607 S.W.3d 522.

[5]*Ligon v. Bloodman*, 2021 Ark. 124.

[6]*Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 306 S.W.3d 428.

[7]*Goodson v. Bennett*, 2018 Ark. App. 444, 562 S.W.3d 847.

3

recognizes the case in court, will amount to an appearance.[8] In deciding whether a defendant has waived his rights and entered an appearance, a determining factor is whether the defendant seeks affirmative relief.[9]

Appellant cites *Raymond v. Raymond*,[10] and *Criswell v. Office of Child Support Enforcement*,[11] to support his contention that this case should be reversed and dismissed. In *Raymond*, Daniel filed for divorce on December 30, 1996, but Diane was never served. Ninety-three days later, on April 2, 1997, the parties' signed conditional-reconciliation agreement was filed. It stated that it would "shortly be filed as an attachment to the divorce complaint." The reconciliation efforts failed, and the parties subsequently executed a property settlement agreement wherein Diane acknowledged receipt of the agreement and waived her right to appear without further notice. The papers were filed along with the divorce decree on May 12, 1997, 133 days after the complaint for divorce had been filed. Diane obtained counsel, and on March 5, 1999, she asked the court to set aside the divorce decree because the court had not acquired jurisdiction over her due to Daniel's failure to perfect service of process over her. The court denied Diane's request, finding that her signature on the conditional-reconciliation agreement constituted an entry of appearance. Our supreme court subsequently reversed the court, holding that Diane's signing of the

---

[8]*Id.*
[9]*Id.*

[10]343 Ark. 480, 36 S.W.3d 733 (2001).

[11]2014 Ark. App. 309, 436 S.W.3d 152.

conditional agreement did not amount to an entry of appearance or a waiver of the court's jurisdiction as a defense. The supreme court reasoned that the agreement was not a responsive pleading, and it did not request any relief from the court.

In *Criswell*, the parties entered into a child-custody agreement in anticipation of divorce on April 14, 2008. The agreement provided that Jeffery would pay $250 a week in child support. On April 17, Ashley filed a complaint for divorce. The child-custody agreement was also filed on the same day. No summons was ever issued by the court clerk and the complaint for divorce was never served on Jeffery. The divorce decree was filed on March 18, 2010. Ashely subsequently assigned her rights to the Office of Child Support Enforcement (OCSE). In May 2013, Jeffery was found in contempt for nonpayment of child support and found to be delinquent to the tune of $53,160. The court entered the $53,160 judgment against Jeffery. Jeffery retained counsel, and on June 7, 2012, his counsel moved to dismiss the divorce decree and all subsequent orders because Jeffery was never served with the complaint or a summons. The court denied Jeffery's motion, finding that he subjected himself to the jurisdiction of the court by signing and filing the child-custody agreement. Jeffery appealed, and this court reversed, holding that the agreement signed three days before the complaint for divorce was filed was not an appearance because there was not yet any action to appear in.

This case is distinguishable from the cases relied on by appellant and is more in line with *Trelfa v. Simmons First Bank of Jonesboro.*[12] In *Trelfa*, Simmons First Bank filed a foreclosure complaint on December 27, 2002, against property pledged as collateral by the Trelfas for a loan. The complaint also sought the appointment of a receiver to collect the rents from the commercial property on which Simmons held a first mortgage. Summonses were issued but never served on the Trelfas. An amended complaint adding State Street as a defendant was filed on January 10, 2003; however, no summonses were issued to the Trelfas after the amended complaint had been filed. A private process server served the Trelfas with the amended complaint on January 20, 2003. The process server delivered the original summonses issued on December 27, 2002, prior to the date of filing the amended complaint. The original summonses had been altered and failed to identify State Street as a party. The Trelfas never filed an answer or other pleading. They did, however, agree, through counsel, to the appointment of a receiver. The agreed order was entered on February 3, 2003, and an amended order was entered on February 18. A decree of foreclosure was entered on May 5, finding the Trelfas to be in default. The Trelfas filed a motion on February 23, 2005, asking that the decree be set aside because it was void. The court denied the motion, finding, among other things, that the Trelfas entered their appearance when they signed the agreed order appointing the receiver. The Trelfas and State Street appealed, contending that the foreclosure decree was void because the process upon the Trelfas was

---

[12]98 Ark. App. 287, 254 S.W.3d 775 (2007).

void and asserting that the Trelfas had not waived that defect.[13] This court disagreed, holding that the Trelfas recognized the case as being in court and entered their appearance by agreeing to the entry of an order appointing a receiver. We reasoned that such an agreed order is, in effect, a stipulation and recognizes the case as being in court because it is a step in the process of resolving the case and one of the remedies sought by Simmons.

Here, a petition for child support was filed, and two days later, appellant signed an agreed order for child support. Although he had not been served with the summons or the petition for support, his actions amounted to an appearance because, by entering into the agreed order, as in *Trelfa*, this was a step in the process of resolving the case, and it gave appellee the remedy she sought (child support for MC). Appellant also received benefits in the form of supervised visitation with MC; having the right to be informed about MC's health, education, and activities; having his name placed on all documents for access to MC's records; being granted the right to all information concerning MC regardless of any state, federal, or business privacy policy; and the ability to have a say in whether MC can reside outside the jurisdiction of the circuit court. Thus, we affirm the circuit court's denial of appellant's motion to dismiss for the reasons set forth in this opinion.[14]

Affirmed.

VIRDEN and GRUBER, JJ., agree.

---

[13]State Street also contended that its lien still had first priority.

[14]We can affirm the decision of the circuit court if the right result was reached, albeit for the wrong reason. *See Brumley v. Ark. Dep't of Hum. Servs.*, 2015 Ark. 356.

7

*James & Streit*, by: *Jonathan R. Streit* and *Elizabeth James*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.