Cite as 2025 Ark. App. 247

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-792

| | |
|---|---|
| | **Opinion Delivered** April 23, 2025 |
| KEESHA CURTIS<br><br>APPELLANT<br><br>V.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF LSRMF MH MASTER PARTICIPATION TRUST II; ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION; AND INTERNAL REVENUE SERVICE<br><br>APPELLEES | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-1882]<br><br><br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br><br><br><br><br><br>AFFIRMED |

**BRANDON J. HARRISON, Judge**

Keesha Curtis (f/k/a Akins) appeals the grant of foreclosure in favor of U.S. Bank Trust National Association (U.S. Bank) and argues that the circuit court did not have personal jurisdiction over her and erred in (1) not applying the relevant statute of limitations, (2) not dismissing the action, and (3) granting the foreclosure claim without sufficient evidence. We hold that Curtis waived any objection to personal jurisdiction and affirm the circuit court's rulings.

First, a brief history of the litigation between the parties and their predecessors. Keesha Akins and Shane Akins acquired title to 1295 Sunbridge Lane in July 2001, and they executed a mortgage in the amount of $398,700 for the property in November 2006. In

June 2014, Keesha (now Curtis) filed a complaint to stop a foreclosure by Fannie Mae and Seterus, Inc. (collectively "Seterus"). The case was dismissed on 18 February 2016, and Seterus was authorized to apply $11,533.90 of Curtis's money related to an insurance claim to Curtis's debt.

On 16 August 2016, Curtis filed a second complaint against Seterus and once again sought to stop foreclosure. Seterus counterclaimed for foreclosure, and the parties reached a settlement agreement in October 2018. Under the terms of that agreement, Seterus paid Curtis $30,000, and Curtis agreed not to contest any subsequent action in which it is alleged that Curtis defaulted under the terms and conditions of the note or security instrument. Curtis expressly waived any and all rights and defenses she may have to challenge or contest any subsequent action, including, but not limited to, any claims or defenses contesting her default or contesting the validity of the foreclosure process or sale. The action was dismissed on 28 January 2019. On 28 January 2020, Seterus assigned the mortgage to U.S. Bank.

The present action began on 5 August 2021, when U.S. Bank, solely as trustee of LSRMF MH Master Participation Trust II, filed a foreclosure complaint against Keesha Akins; Michael Akins; any tenants of 1295 Sunbridge Lane, Rogers, Arkansas (the tenants); the Arkansas Department of Finance and Administration (DFA); and the Internal Revenue Service (IRS).[1] U.S. Bank alleged that Keesha and Michael Akins had not made scheduled payments since July 2013 and asked for judgment in personam against them and in rem

---

[1]Both the DFA and the IRS answered the complaint and acknowledged its lien on the property. DFA had no objection to the court determining lien priority and distribution of proceeds. The IRS conceded that its tax lien or liens are subordinate to U.S. Bank's lien and did not object to the foreclosure.

2

against the subject property for $373,752.58, together with accrued interest, a reasonable attorney's fee, title expenses, late charges, and costs. U.S. Bank also requested foreclosure of the mortgage, a declaration of its first lien position on the subject property, and the sale of the property with proceeds of the sale being applied pursuant to the orders of the court.

In response, Keesha Akins, now known as Keesha Curtis, moved to dismiss because the complaint was filed outside the five-year statute of limitations for foreclosures.[2] U.S. Bank responded that a ruling on Curtis's motion to dismiss would be premature because it had not been able to engage in adequate discovery. It also contended that payment or acknowledgement of the debt (in writing), like the February 2016 dismissal order, can toll the limitations or form a new limitations period. *See Nw. Ark. Recovery, Inc. v. Davis*, 89 Ark. App. 62, 200 S.W.3d 481 (2004) (in an action on a debt, a voluntary partial payment tolls the statute of limitation and forms a new period from which the time must be computed).

On 29 October 2021, U.S. Bank amended its complaint and requested a judgment in rem against the property for $373,752.58, together with accrued interest, attorney's fees, title expenses, and costs; a declaratory judgment determining and enforcing the parties' rights under the settlement agreement; foreclosure of the mortgage; a declaration of its first lien position on the property; and sale of the property with proceeds of the sale being applied pursuant to the court's orders. In turn, Curtis renewed her motion to dismiss and argued that the complaint had still not alleged facts that would toll the applicable statute of

---

[2]Michael Akins joined Curtis's motion to dismiss on 22 October 2021.

limitations. After a hearing on 22 February 2022, the circuit court denied Curtis's motion to dismiss.

On 14 March 2022, U.S. Bank moved to enforce the October 2018 settlement agreement between Curtis and Seterus. It asserted that Curtis had taken positions in the pending foreclosure action that are contrary to and violate her express obligations under the settlement agreement. Curtis made several arguments in response, including that U.S. Bank was not a party to the settlement agreement, nor had it been assigned to its benefit, and that a statute-of-limitations defense cannot be waived.

On 5 May 2022, the circuit court issued a letter opinion in which it held that (1) U.S. Bank is the proper assignee of Curtis's mortgage and has standing to bring this claim to enforce the settlement agreement, and (2) the claim to enforce the settlement agreement—entered into on 25 October 2018—falls within the five-year statute of limitations for written contracts. Therefore, the court granted the motion to enforce the settlement agreement.

The court asked U.S. Bank to prepare an order, and Curtis raised several objections to the order. For instance, Curtis argued that in the settlement agreement, she had agreed to not contest any nonjudicial foreclosure action, but she had not agreed to refrain from raising defenses in any lawsuit. The parties convened for a hearing on 12 July 2022, and after hearing arguments, the court elected to make no changes to the proposed order other than deleting one sentence related to U.S. Bank's payment of taxes and insurance. On July 13, the court entered its written order granting the motion to enforce the settlement agreement.

4

A third hearing was convened on 31 August 2022, at which the parties disagreed on whether all issues in the case had been resolved. U.S. Bank argued that the other named defendants had agreed to sign a consent decree, and due to the court's previous ruling, Curtis could not contest the foreclosure. Curtis argued that U.S. Bank had not presented sufficient evidence to foreclose and specifically had not provided the original promissory note. Curtis also raised the statute-of-limitations argument again. The circuit court agreed that the original note should be filed and ordered U.S. Bank to do so. The court also noted that it had already addressed whether the statute-of-limitations argument was applicable. The court ordered U.S. Bank to prepare a judgment.

A proposed judgment from U.S. Bank was not forthcoming, however, and on 10 February 2023, it moved for a voluntary nonsuit of its claim for judicial foreclosure without prejudice. The motion specified that it did not "seek to dismiss the other claims including the Amended Complaint filed on October 29, 2021." Curtis had no objection to the dismissal but asserted that the dismissal should be "with prejudice pursuant to Ark. R. Civ. P. 41(a)(2) as this is the third dismissal of an action related to the claim to foreclose the mortgage upon this property (04CV-14-787-6; 04CV-16-1153-6)." Curtis also asked the court to "vacate the mortgage lien the Plaintiff attempts to foreclose (such that some purported future assignment does not lead to this action being filed again), for her attorneys' fees and costs in defending this matter, and for all other relief to which she is entitled."

In reply, U.S. Bank clarified that it was not seeking to dismiss a claim but to merely change the remedy from judicial to statutory foreclosure. It also explained that the court

had ruled that it may proceed due to Curtis's breach of the settlement agreement, and there had not been any prior dismissal of that claim or issue.

The court entered an order on 27 February 2023 with the following findings:

(a) The settlement agreement was entered into on October 25, 2018, which would make this contract within the statutory period of time for enforcement;

(b) U.S. Bank has standing to bring this claim and this claim falls within the five-year statute of limitations which governs written contracts;

(c) The mortgage assigned to and being enforced by U.S. Bank constitutes a first priority lien on the property;

(d) U.S. Bank is directed to submit an affidavit itemizing the indebtedness secured by the property; and

(e) U.S. Bank is instructed to submit the affidavit of debt and the proposed decree of foreclosure within thirty (30) days of the entry of this order.

U.S. Bank submitted a proposed decree of foreclosure, and on 10 April 2023, the circuit court entered an order and decree of foreclosure with the following rulings.

a. U.S. Bank is hereby given judgment *in rem* against the subject property in the principal amount of $373,752.58, plus interest from August l, 2013, through March 24, 2023, in the amount of $153,822.10, and thereafter at the rate of 2.0% per annum until paid, negative escrow of $118,194.99, and corporate advance balance in the amount of $27,153.26, for a total judgment amount as of March 24, 2023, in the amount of $673,538.45;

b. Said judgment by virtue of the mortgage in favor of U.S. Bank constitutes a first priority lien on the subject property;

c. If the foregoing judgment is not satisfied within ten (10) days from the date hereof, the Commissioner of this Court, hereinafter named, shall sell the subject property at the Courthouse of Benton County, Arkansas;

d. The liens upon the subject property should be and hereby is ordered foreclosed by the Court; that pursuant to such foreclosure of lien, the Circuit Clerk of Benton County, Arkansas is hereby appointed Commissioner of the

6

Court for purposes of selling all interests of the parties herein and to the property at foreclosure sale, the proceeds from which sale shall be applied first to the cost thereof, then to the satisfaction of the judgment herein granted to U.S. Bank, with the remainder, if any, payable according to further order of this Court;

e. Such sale should be a public auction to the highest bidder for cash or upon credit of three (3) months, provided that if the sale is upon credit, a good and sufficient surety to secure payment of the purchase price shall be given to the Commissioner, and the purchase price shall bear interest from the date of the sale until paid at the rate of 10% per annum; provided, however, if plaintiff is the highest bidder at the time of such foreclosure, plaintiff may pay the purchase price by credit given upon the judgment hereby granted to plaintiff, except as to the cost of the sale; that notice of the sale as hereby ordered, together with the terms thereof, shall be published within Benton County, Arkansas, such notice to be published one time prior to sale not less than ten (10) days prior to sale;

f. Upon confirmation of the sale herein ordered, the Commissioner hereby appointed shall execute and deliver to the purchaser a Commissioner's Deed which shall convey all title and interest of the parties therein and to the subject property.

Curtis timely appealed the circuit court's order.

I. *Personal Jurisdiction*

Service of valid process is necessary to give a court jurisdiction over a defendant. *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257. Our service rules place an extremely heavy burden on the plaintiff to demonstrate that compliance with our rules has been had. *Wine v. Chandler*, 2020 Ark. App. 412, 607 S.W.3d 522. The guiding principle of Arkansas Rule of Civil Procedure 4 and the purpose of a summons is to ensure due process by giving the defendant adequate notice of the suit and an opportunity to respond before a judgment is entered. *Ligon v. Bloodman*, 2021 Ark. 124. Actual knowledge of a proceeding does not validate defective process. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 306 S.W.3d 428. When issues turn on court rules and precedents about

7

commencement of service, which are issues of law, our review is de novo. *McCoy v. Robertson*, 2018 Ark. App. 279, 550 S.W.3d 33.

Curtis argues that the circuit court did not have personal jurisdiction over her because she was not personally served with a summons directed to her "as defendant" within 120 days of its filing as required by Ark. R. Civ. P. 4(b) and (i). Applying the "substantial compliance" standard of Ark. R. Civ. P. 4(k), she asserts that substantial compliance requires a defect in the process, but here there was no process. She concludes that this noncompliance mandates dismissal of the case.

In response, U.S. Bank contends that it substantially complied with the service requirements. It notes that pursuant to Ark. R. Civ. P. 4(k), any error as to the sufficiency of process or the sufficiency of service of process shall be disregarded "if the court determines that the serving party substantially complied with the provisions of this rule and that the defendant received actual notice of the complaint and filed a timely answer." U.S. Bank also asserts that Curtis waived any objection to personal jurisdiction by failing to raise the issue below and by subjecting herself to the jurisdiction of the circuit court.

We agree that Curtis waived any objection to personal jurisdiction by failing to assert the defense in either her motions to dismiss or her answer to the complaint and by defending the action on the merits. Any defense of lack of personal jurisdiction, insufficient process, or insufficient service of process "shall be asserted in the responsive pleading if one is required" or by motion. Ark. R. Civ. P. 12(b). A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion nor included in the original responsive pleading. Ark. R. Civ. P. 12(h)(1).

8

In addition, this court has long recognized that any action on the part of a defendant that recognizes the case in court, except to object to jurisdiction, will amount to an appearance, and the defense of personal jurisdiction may be waived by the appearance of the defendant without raising the objection. *Joslin v. Osborn*, 2023 Ark. App. 573, 682 S.W.3d 344.

## II. *Statute of Limitations*

Arkansas Code Annotated section 16-56-111(a) (Repl. 2005) provides that actions to enforce written obligations, duties, or rights shall be commenced within five years after the cause of action accrues. A cause of action on an entire debt owed under an installment sales contract with an optional acceleration clause does not arise until the option is exercised. *United-Bilt Homes, Inc. v. Sampson*, 315 Ark. 156, 864 S.W.2d 861 (1993). When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense; once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Marshall v. Turman Constr. Corp.*, 2012 Ark. App. 686.

Curtis explains that U.S. Bank's complaint sought to foreclose a mortgage against the property at 1295 Sunbridge Lane on the basis of her alleged breach of the mortgage and note, which began on 1 August 2013. A mortgagee's notice of default and intention to sell was filed on 10 April 2014, which accelerated the debt by declaring that "the entire indebtedness has been declared due and payable." This triggered the running of the statute of limitations, which ended on 10 April 2019. The present action commenced on 5 August 2021, outside the five-year statute of limitations, and is therefore barred.

9

In addition, Curtis contends that U.S. Bank failed to present any evidence that the statute of limitations might have been tolled. Instead, it claimed that it was entitled to foreclose under the terms of the settlement agreement and sought a declaration to that effect. According to Curtis, she did not dispute U.S. Bank's entitlement to foreclose but noted that a statute-of-limitations defense cannot be waived in perpetuity and that the settlement agreement did not provide U.S. Bank the right to foreclose outside of the applicable statute of limitations. Despite agreeing that a waiver of a limitations defense in perpetuity is void under Arkansas law, the circuit court "erroneously found that the applicable limitations period for enforcement of that agreement ran from the date that agreement was entered, not from the date of the breach giving rise to the foreclosure claim." Curtis argues that the circuit court's ruling "erroneously ignored that Curtis' statute of limitations defense was not to the enforcement of the prior settlement agreement, but to US Bank's foreclosure action." She insists that while U.S. Bank's predecessor could have pursued enforcement of its right to foreclosure, U.S. Bank was not entitled to enforce that right after the statute of limitations had run.[3]

In response, U.S. Bank asserts that the foreclosure here was ordered as a direct result of Curtis's breach of the settlement agreement and was not, as Curtis asserts, based on her breach of the original promissory note and mortgage. A settlement agreement is contractual in nature and therefore subject to the five-year statute of limitations for contracts. *Meadors*

---

[3]Under Curtis's interpretation of the settlement agreement, her agreement to not contest future foreclosures was valid for only approximately six months after the settlement agreement was executed; after 10 April 2019, any subsequent foreclosure actions would be time-barred.

*v. Meadors*, 58 Ark. App. 96, 946 S.W.2d 724 (1997); *see also* Ark. Code Ann. § 16-56-111(a). Curtis entered into the settlement agreement with Seterus—U.S. Bank's predecessor—on 25 October 2018, and U.S. Bank commenced its action to enforce the settlement agreement on 29 October 2021, within the five-year statute of limitations.[4] Therefore, the circuit court correctly held that U.S. Bank's action to enforce the settlement agreement was within the applicable statutory period.

As explained above, Curtis agreed in the settlement agreement not to contest any subsequent action in which it is alleged that she has defaulted under the terms and conditions of the note or security instrument, and she expressly waived "any and all rights and defenses [she] may have to challenge or contest said foreclosure." The circuit court agreed with U.S. Bank's contention that Curtis had breached the settlement agreement by "tak[ing] positions in the pending foreclosure action" that are "contrary to and violate her express obligations under the Settlement Agreement." The circuit court also agreed that "any provision seeking to waive a statute of limitations defense in perpetuity is unenforceable," so the court evaluated the claim under the standard five-year statute of limitations for settlement agreements and found that U.S. Bank's claim fell within that statutory period of time. We hold that the circuit court did not err in finding that U.S. Bank's claim was timely.

---

[4]In its brief, U.S. Bank states that it commenced its action to enforce the settlement agreement on 5 August 2021, which is the date the original complaint was filed. However, U.S. Bank did not allege a breach of the settlement agreement and seek an order enforcing the settlement agreement until its amended complaint filed on 29 October 2021. It later filed a separate motion to enforce the settlement agreement on 14 March 2022.

### III. *Dismissal*

Curtis asserts that the circuit court erred in denying her motion to dismiss because the prior action for foreclosure brought by Seterus (U.S. Bank's predecessor) was dismissed with prejudice. *See Curtis v. Seterus*, No. 04CV-16-1153, 28 January 2019 (agreed order of dismissal with prejudice). The case law is clear that a dismissal of an action with prejudice constitutes a final adjudication on the merits. *Hicks v. Allstate Ins. Co.*, 304 Ark. 101, 799 S.W.2d 809 (1990).

Curtis also argues that under the claim-preclusion facet of res judicata, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. *Muccio v. Hunt*, 2014 Ark. 35. Claim preclusion bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated. *Id*. Where a case is based on the same events as the subject matter of a previous lawsuit, claim preclusion will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id*.

Curtis contends that she raised the defense of res judicata below, but the circuit court rejected the defense and instead granted the foreclosure decree based on the enforcement of the settlement agreement. She argues that the settlement agreement did not require Seterus to dismiss its claims with prejudice; instead, it required Curtis to dismiss her claims with prejudice during a certain period, and it allowed Seterus to continue on to foreclosure. Instead, Seterus agreed to an order dismissing with prejudice the 2016 case in which it had filed a counterclaim for foreclosure. She concludes that this court should reverse the decree

12

of foreclosure and dismiss the action under the defense of res judicata because the judicial–foreclosure action was previously dismissed with prejudice.

U.S. Bank counters that its claim to enforce the settlement agreement is not barred by res judicata because there has not been a prior adjudication or dismissal on the issue of Curtis's breach of the settlement agreement. Res judicata bars only the relitigation of claims that were actually litigated in the first suit or those that could have been litigated. *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006). The 2016 action described above concerned Curtis's default under the terms of the mortgage, while the present action concerns Curtis's breach of the settlement agreement that resulted from the 2016 action.

We hold that the circuit court did not err in rejecting Curtis's res judicata defense. While U.S. Bank's original complaint did allege a default under the terms of the mortgage and note, its amended complaint alleged a breach of the October 2018 settlement agreement and sought to enforce the settlement agreement. This claim has not been made or litigated in any previous litigation.

IV. *Insufficient Evidence*

Curtis argues that even if the circuit court was correct in enforcing the settlement agreement, U.S. Bank was still required to present evidence supporting its claim. But, she asserts, there was no testimony on the outstanding balance of the note, and there was no proper foundation for the note to be entered into evidence. She contends that the circuit court acknowledged this lack of evidence in its February 2023 order wherein it directed U.S. Bank to submit an affidavit itemizing the indebtedness secured by the property along with a proposed decree of foreclosure. After the affidavit was submitted, Curtis objected to

13

the lack of evidence supporting the foreclosure, but the circuit court proceeded to enter the decree of foreclosure and "improperly relied upon facts included in the affidavit in order to form the order's basis." She asserts that the circuit court erred in relying on the affidavit and that the foreclosure decree should be reversed.

In response, U.S. Bank asserts that Curtis has failed to recognize the atypical nature of this foreclosure action in that U.S. Bank sought enforcement of and a judgment based on the settlement agreement. Curtis admitted to the note and mortgage in the settlement agreement, which established the existing indebtedness initially created by the note, and U.S. Bank submitted an affidavit of debt as ordered by the circuit court. There was no dispute that Curtis agreed to the settlement agreement, and with no remaining issues to be tried, there was no need for a trial. After the affidavit was filed, Curtis objected to its use but did not dispute the amount of debt recited. U.S. Bank concludes that because Curtis had conceded the debt, the payment history, and the default, the circuit court properly entered the foreclosure decree after receiving and reviewing the affidavit of debt.

We hold that the circuit court did not err in entering the foreclosure order after receiving the affidavit of debt. Curtis is focused on proof supporting the foreclosure, but because this judgment is based on the settlement agreement, the only proof needed was proof of Curtis's breach of the settlement agreement by challenging the foreclosure action. Her actions in the present litigation are proof of that breach.

Affirmed.

TUCKER and BARRETT, JJ., agree.

14

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *George M. Rozzell IV*, for appellant.

*Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for separate appellee U.S. Bank Trust National Association.